## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **GUMERCINDO FLORES-GOYTIA,** | § | |
| **Petitioner,** | § | |
| | § | **3:14-CV-0074-K** |
| **v.** | § | **3:09-CR-0075-K (07)** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.  For the foregoing reasons, the Court denies the motion.

## I.    Procedural Background

Pursuant to a plea agreement, Petitioner pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846.  On December 18, 2012, the Court sentenced him to 96 months in prison.  Petitioner did not file a direct appeal.

On December 30, 2013, Petitioner filed the instant § 2255 petition.  He argues he received ineffective assistance of counsel when counsel:

1.      failed to advise him of his constitutional rights before he pled guilty;

2.      failed to ensure an adequate factual basis for his plea;

3.      failed to protect his right to allocution; and

4.      failed to file a direct appeal.

1

## II.    Discussion

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).   In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."  *Strickland*, 466 U.S. at 689.   Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors."  *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong."  *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case.  *Hill v. Lockhart*,

474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).  Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial."  *Armstead*, 37 F.3d at 206.

## A.   Valid Guilty Plea

Petitioner argues his guilty plea was not voluntarily entered because his counsel failed to advise him of his constitutional rights before he pled guilty and failed to ensure there was sufficient evidence to support the plea.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences."  *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however.  The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea.  *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic

understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002).  Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

In this case, the record shows Petitioner voluntarily pled guilty and that he was fully informed of his constitutional rights.  The Court informed Petitioner of his right to plead not guilty and proceed to a trial.  (Rearr. Tr. at 5.)  Petitioner was told that if he proceeded to trial, he would have the right to call and cross-examine witnesses, the right to compel the production of evidence and the right to counsel.  (*Id.* at 6.)  He was informed that he could not be compelled to testify against himself, that the government would be required to prove his guilty beyond a reasonable doubt, and that he had the right to appeal.  (*Id.*)  Petitioner stated he understood these rights.  The Court also informed Petitioner that if he chose to plead guilty, he would not be entitled to any of these trial rights.  (*Id.*)  Petitioner stated he understood.  (*Id.*)

Petitioner agreed that he received a copy of the indictment and that he

understood the charges against him. (*Id*. at 10.) Petitioner was read the essential elements of the offense, he stated he understood the elements, and he admitted he committed each essential element. (*Id*. at 12.) Petitioner stated he read and signed the plea agreement and factual resume, and that the facts in the factual resume were true. (*Id*. at 13, 16.) The Court informed him of the maximum penalty for the offense, and he stated he understood. (*Id*. at 14-15.) Petitioner stated he discussed the sentencing guidelines with his attorney, and that he was satisfied with the advice and representation of his attorney. (*Id*.) He stated he understood the Court would determine his sentence, and that no one had attempted to force him to plead guilty. (*Id*. at 13, 15-16.) He stated he understood his guilty plea would result in his deportation and could adversely affect his ability to re-enter the United States and/or to become a citizen. (*Id*. at 15.) Petitioner has failed to show his guilty plea was involuntary, that he was not informed of his constitutional rights prior to pleading guilty, or that there was insufficient evidence to support the plea.

**B.    Allocution**

Petitioner claims his counsel was ineffective because counsel failed to provide Petitioner the opportunity for allocution. The record shows, however, the Petitioner was provided the opportunity to speak at sentencing. The record states:

COURT:  Mr. Flores, you don't have to say anything, but if you want to now is your chance.

DEFENDANT (through interpreter): First of all, I ask forgiveness from God, from

5

Your Honor, and to all the – the people of the United States.  I ask you to have mercy, and I – since I've spent the last four and a half years incarcerated and I'd like to see my family as soon as possible, since I'm – I'm a parent.  And I appreciate this opportunity that you have given for me to address you.

(Sent. Tr. at 7.)  Because Petitioner was provided the opportunity for allocation, this claim is without merit.

## C.   Appeal

Petitioner claims his counsel was ineffective because counsel failed to file a direct appeal.  Under *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), the Supreme Court held that an attorney must consult with his client regarding filing an appeal.  If the attorney does consult with his client, counsel is constitutionally ineffective "only by failing to follow the defendant's express instructions with respect to appeal." *Id*.

In this case, Petitioner does not claim that his counsel failed to consult with him regarding filing an appeal, or that he told his counsel to file an appeal.  Instead, Petitioner simply states that his counsel failed to file an appeal.  (Pet. at 9.)  Petitioner has failed to establish ineffective assistance of counsel.

## III.   Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

SO ORDERED.

Signed February 12, 2015.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE